*The probate of the paper propounded as* EDWARD WALSH's
*Will.*

WHAT is a subscription of a testator to a will. Proof of handwriting cannot be given where the subscription is not made in handwriting.

THE SURROGATE. This paper propounded as a will of real estate is subscribed by the testator, "Edward $\overset{\text{his}}{\times}$ Walsh." It was witnessed by Thomas Duane and George Saul. Duane is produced before the Surrogate, and testifies to the execution. Saul is dead, and his death and handwriting are proven. No other persons were present at the execution. A mark is a sufficient subscription to a will. It is not necessary that the testator subscribe his name in writing. Any thing that he has adopted as a subscription of his name fulfils the requirement of the statute, if subscriptum (written under) by his own hand. In the will of McCoy, I admitted a subscription utterly

unintelligible, which was proven by the subscribing witnesses (both living at the time of probate), and by others present at the execution, to have been made by the testator with chalk or lead. In the will of Van Hanswyck (44 *Barbour*, 494), the Supreme Court sustained my decision that a mark made by the testator, while another person assisted in guiding his hand, was a subscription. But the making of a mark has its inconveniences, as the present case demonstrates. A will subscribed by a mark, instead of by handwriting, cannot be proven at all if one of the witnesses cannot be produced. The statute provides that where one or more or all the subscribing witnesses are dead, out of the State, or ·insane, proof must be taken of the handwriting of the testator, and of the absent witness ,or witnesses, on propounding the will for probate. As no proof of the testator's handwriting can be given in the case where his subscription is not made in handwriting, the petition for probate must be denied. It is a case not provided for by statute.